**RAM METALS & BUILDING INDUSTRIES, LTD.,**
Plaintiff,

v.

**ZIM ISRAEL NAVIGATION COMPANY, LTD., Zim Container Service, Zim–American Israel Shipping Co., Inc., and Oceanic Stevedoring Co., Defendants.**

**No. 88–1580–CIV.**

United States District Court,
S.D. Florida.

May 4, 1989.

William E. Cassidy, William E. Cassidy, P.A., Miami, Fla., for Ram Metals and Gulf Atlantic.

Craig D. Olmstead, Kelley, Drye & Warren, Miami, Fla., for Oceanic Stevedoring.

Mark Greenberg, Stinson, Lyons & Schuette, Miami, Fla., for Zim Miami.

### ORDER DENYING MOTION FOR SUMMARY JUDGMENT

SPELLMAN, District Judge.

THIS CAUSE comes before the Court upon Defendant OCEANIC STEVEDORING CO.'s Motion for Summary Judgment. The crux of OCEANIC's Motion for Summary Judgment is that OCEANIC was acting as an agent for the vessel and/or the vessel's owners, operators or managers. Thus, Defendant argue that Plaintiff's claim is time-barred as a matter of law by the provisions of the Carriage of Goods by Sea Act ("COGSA").

BACKGROUND

Plaintiff shipped a cargo of metal rods from Ashod, Israel to the Port of Miami on the vessel ZIM MIAMI. ZIM MIAMI is operated by ZIM ISRAEL NAVIGATION COMPANY, LTD. and ZIM–AMERICAN

ISRAEL SHIPPING COMPANY collectively "ZIM"). ZIM issued a bill of lading which contained the terms and conditions of the contract of carriage between Plaintiff and ZIM. The bill of lading specified that Plaintiff's cargo was to be carried F.I.O.S.T., which means "free in and out stowage and trim." Under this term, OCEANIC was to bill Plaintiff directly for OCEANIC's stevedoring services.

OCEANIC had performed stevedoring services for ZIM in the past and is regularly engaged by ZIM to discharge cargo from all of its vessels at the Port of Miami. OCEANIC unloaded Plaintiff's cargo, as well as various other containers and bulk cargoes. The consignee was notified to pick up the cargo on March 25, 1987. On March 27, 1987, the consignee mailed a Notice of Claim to OCEANIC for damage alleged to have occured to the cargo. Plaintiff brought suit against OCEANIC on April 8, 1988, more than a year after the cargo was discharged at the Port of Miami, and more than a year after the consignee filed its Notice of Claim.

DISCUSSION

OCEANIC filed its Motion for Summary Judgment on the ground that OCEANIC was an agent for the vessel and/or the vessel's owners, operators or managers. Thus, Defendant argues that Plaintiff's claim is time-barred as a matter of law by the Carriage of Goods by Sea Act ("COGSA"), because the action was filed more than a year from the date of delivery of the goods.

The Carriage of Goods by Sea Act ("COGSA") provides that a party must bring suit against a party coming within the provisions of COGSA within one year form the date of the delivery of the goods or the date when the goods should have been delivered. Therefore, Defendant argues that Plaintiff should have brought suit on or before March 24, 1988. Instead, Plaintiff filed suit on April 8, 1988, more than one year later.

■ The Bill of Lading 1001/A contains the terms and conditions of the carriage of Plaintiff's cargo as agreed to by the parties to that bill of lading, Plaintiff and ZIM. In Clause 4(II) of the bill of lading, which controls the rights and liabilities of the parties, Plaintiff and ZIM agreed to the application of COGSA. *Brown & Root, Inc. v. M/V Peisander*, 648 F.2d 415 (5th Cir.1981). A stevedore engaged to discharge the cargo as an agent of the carrier is a third party beneficiary to the terms and conditions of the bill of lading as set out in Clauses 4(IV) and 4(V), the Himalaya Clause. *Generali v. D'Amico*, 766 F.2d 485 (11th Cir.1985). OCEANIC argues that OCEANIC was engaged to discharge the cargo and is thus a third party beneficiary to Bill of Lading 1001/A. Therefore, OCEANIC is entitled to assert the one year limitation provision set forth in COGSA.

■ Plaintiff argues that OCEANIC is not a third party beneficiary to Bill of Lading 1001/A, because the terms under which Plaintiff's cargo was to be carried was F.I.O.S.T. Plaintiff claims that this term identifies OCEANIC as an agent for cargo and not the carrier. Under F.I.O.S.T, the stevedore charges the cargo directly for its services, and can not look to the carrier for payment. Thus, Plaintiff argues that under F.I.O.S.T terms, OCEANIC could not be considered to be the "servant or agent of the Carrier ..." and therefore would not be "acting in the course of or in connection with his employment" with the carrier so as to come within the application of the Himalaya Clause. Defendant disagrees and argues that the F.I.O.S.T term is simply a cost-shifting device, and not a risk-shifting device.

■ This Court does not agree that the F.I.O.S.T. term is simply a cost-shifting device. OCEANIC unloaded cargo for Plaintiff, and that cargo was segregated. OCEANIC was to bill Plaintiff directly for its services, and could not look to ZIM for payment. Therefore, OCEANIC was not acting as an agent for ZIM, and is not entitled to the defenses of COGSA. Additionally, OCEANIC is not bound by the same statute of limitations in asserting its counterclaim for payment of its stevedoring fees. It would be inequitable to allow a stevedore to sue for payment for its servic-

es after the one year COGSA limitation had passed, and yet not allow the shipper to sue for damages allegedly caused by those same services. Therefore, this Court concludes that the F.I.O.S.T. provision shifted the risk, as well as the cost, and that OCEANIC was not acting as an agent of the carrier in unloading the cargo, and thus does not fall within the Himalaya Clause of COGSA.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Motion for Summary Judgment is DENIED.

DONE AND ORDERED.